6427.   HOGG, trustee, *v.* FULLER, sheriff.

WADE, J.   Section 3256 of the Civil Code, with a single exception not here material, limits the subject-matter upon which a mortgage can lawfully operate to "property in possession, or to which the mortgagor has the right of possession at the time" the instrument is executed; and generally neither a corporation nor a natural person has the right to

mortgage property which may be acquired after the execution of the mortgage. *Durant* v. *Duchesse D'Auxy,* 107 *Ga.* 456, 464 (33 S. E. 478); *Georgia Southern Railway Co.* v. *Barton,* 101 *Ga.* 466, 469 (28 S. E. 842); *Lubroline Oil Co.* v. *Athens Savings Bank,* 104 *Ga.* 376 (30 S. E. 409). In *Hill* v. *O'Bryan,* 104 *Ga.* 137 (30 S. E. 996), the mortgagor was in *possession* at the time he executed the mortgage, and afterwards acquired title to the property which enured to the benefit of the mortgagee when the mortgagor's title thereto was perfected.

(*a*) According to the express recitals contained in the mortgage, upon the foreclosure of which the execution issued by virtue of which the sheriff took possession of the property in controversy, the property described in the mortgage was not in the possession of the mortgagor at the time the instrument was executed, and the title thereto was vested in another person. Consequently the mortgage did not take effect then or thereafter as a valid, subsisting lien upon the property it purported to cover.

(*b*) The court therefore erred in failing to direct the sheriff, in charge of the property by virtue of the foreclosure of the mortgage, to deliver over the property in question to the trustee in bankruptcy of the mortgagor.                                    *Judgment reversed.*

DECIDED JANUARY 7, 1916.

Petition for possession; from city court of Americus—Judge Harper. February 6, 1915.

*W. P. Wallis,* for plaintiff.

*Shipp & Sheppard, Nathan Coplan,* for defendant.