## MEYER HERSON AUTO SALES CO. v. FAUNKHAUSER.
### No. 5744.

Court of Appeals of the District of Columbia.
Argued April 5, 1933.
Decided May 15, 1933.

J. B. Stein, of Washington, D. C., for plaintiff in error.

Joseph F. Konieczny, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

Plaintiff in error, a sales company, in 1929 sold a pleasure automobile to one H. L. Shughrue. Part of the purchase price was paid in cash; the balance was secured by the usual conditional sales contract. The transaction took place in the District of Columbia. The purchaser resided in Maryland, but operated a tinning business in Washington. In the contract which he signed, he agreed not to remove the automobile from the District except on temporary trips, etc.; but the seller knew the purchaser lived in Maryland, and subsequently it knew the purchaser had procured Maryland automobile tags for the car. This knowledge, of course, carried with it the further knowledge that the car had been registered as a Maryland car under the Maryland motor vehicle laws. The seller recorded the contract in the District of Columbia but did not record it in Maryland.

Defendant in error is a resident of the state of Maryland. In 1931 he purchased the car in question from the Hunt Motor Company, a licensed automobile dealer of Maryland. The latter company had previously purchased it at a sheriff's execution sale under a judgment obtained against Shughrue. Defendant in error, at the time of the purchase, did not receive a certificate of title from the Hunt Company but did receive a temporary registration card as required by the Maryland statute. At the time of the purchase defendant in error did not know of the existence of any lien against the automobile. On the other hand, plaintiff in error had received notice of the seizure of the automobile under the execution but on the advice of counsel took no action to protect its interest but waited until it could seize the car within the District of Columbia, and this it did at a later date, and it was to recover from it the value of the automobile that this suit was brought.

The trial court held that the seizure was invalid and gave judgment against plaintiff in error for the amount claimed. The question which we have to decide is which of the parties has superior title to the automobile.

In order to answer the question, we must first consider whether the knowledge which plaintiff in error had at the time of the original sale that the purchaser was a resident of

the state of Maryland, coupled with his subsequent knowledge of the registration of the title to the automobile in that state, made it his duty in the protection of his lien to record the contract in Maryland. There can be no doubt, we think, that the law is well established that the vendor of personal property, reserving title under a conditional sales contract, in order to protect his lien must record his contract, where such recordation is necessary under state law, in the place where the property is to be used and retained, so that in a case in which the vendor knows property is to be taken from one state into another and there used permanently, his lien, as to third parties, is subject to the recordation laws of the state to which the chattel is taken.

In this case the contract provided that the automobile should not be removed outside the District of Columbia, and if this were all, the recordation in the District of Columbia would have been sufficient to protect the lien there, or elsewhere; but, as we have already seen, the vendor knew that the vendee was a resident of Maryland, that his home was located there, and that the automobile was of a type to be used for pleasure and not for business, and would be kept there, and, even more than this, he knew that it had been taken to Maryland and registered there under the motor vehicle laws of that state. In these circumstances, the provision in the contract that the property should not be taken out of the District of Columbia must be deemed to have been waived. It therefore became the duty of the vendor to record the contract in Maryland.

This makes it necessary to examine the Maryland law to determine whether or not, in the facts as we have stated them, the failure to record the contract was fatal to the lien. The law of that state on the subject of recordation (article 21, § 55, Maryland Code, 1924) provides that every contract for the sale of chattels wherein the title or a lien is reserved, shall be void as to third persons without notice until recorded. Unless, therefore, there is something in the Maryland vehicle law with relation to the registration of titles and liens which avoids the effect of the regular recordation statute, or unless defendant in error had actual notice of the retained title or lien, it follows we must affirm the lower court's decision.

We have examined carefully the Maryland motor vehicle law. It contains a provision (Code Pub. Gen. Laws, Supp. 1929, art. 56, § 202) by which liens existing on motor vehicles must be shown on the face of the certificate of registration; but, unlike the statute in many states, it does not provide that the registration of a motor vehicle, together with any liens which shall exist against it, shall be constructive notice to third parties. It is not a substitute for the recordation statutes. The Maryland Motor Vehicle law, however, does provide (article 56, § 202, Maryland Code, 1924) that it shall be unlawful and a misdemeanor punishable by fine and imprisonment to sell or purchase within the state of Maryland any motor vehicle registered in Maryland after January 1, 1920, unless at the time of delivery there is passed between the parties a certificate of title in form prescribed by the commissioner of motor vehicles. The purpose of this doubtless was to furnish a quick and easy method of ascertaining the state of the title to the car. But by amendment by Act April 5, 1927 (Code Pub. Gen. Laws Supp. 1929, art. 56, § 202A), this provision is made inapplicable in the case of purchase of automobiles at judicial sale. The result is that the purchaser at such a sale buys at his peril, which means, of course, that if at the time of the sale the automobile is subject to a reservation of title, the buyer purchases subject to the reservation, but if for failure of recordation the lien has been lost, the title passes as fully as if the lien had never existed. As we find nothing in the provisions of the Maryland Motor Vehicle Act which dispenses with the necessity of recordation to preserve a lien otherwise void as to creditors or purchasers for value without notice, and as in the instant case defendant in error in good faith purchased the automobile in question without actual notice of the lien claimed by plaintiff in error, it follows that the latter by his failure to record his contract in Maryland lost his rights, and the decision below must be affirmed.

Affirmed.