**In re BURTON.**
**No. 10351.**

United States District Court,
D. Maryland.
Feb. 26, 1954.

Irving B. Grandberg, Baltimore, Md., for trustee.

Leon H. A. Pierson, Baltimore, Md., for Associates Discount Corp.

WILLIAM C. COLEMAN, Chief Judge.

This proceeding is before the Court on the petition of Associated Discount Corporation, a creditor of the bankrupt, to review an order of the Referee in Bankruptcy denying this creditor's petition that the trustee in bankruptcy be required either to surrender a Hudson automobile which this creditor acquired under a conditional sale contract, or, in the alternative, to pay it the balance due under the contract.

The Referee in Bankruptcy made very brief findings of fact and conclusions of law upon which his order is based. However, there is no dispute as to any of the material facts. The question is one of law, namely, whether the conditional contract of sale under which the bankrupt's creditor, Associates Discount Cor-

poration, bases its petition is valid as against the trustee in bankruptcy.

The material facts are that the automobile was purchased on November 12, 1952, by the bankrupt in the District of Columbia, from the Coast-in Pontiac Co., Inc., Washington, D. C., under a conditional contract of sale, in which it is recited that the bankrupt was a resident of Maryland. On the same day, the contract was sold by Coast-in Pontiac Co., Inc. to Associates Discount Corporation. The contract was never recorded in the District of Columbia but on December 5, 1952, it was recorded in Prince George's County, Maryland, where the bankrupt then resided and still resides.

Richard Harrison Burton filed a voluntary petition on February 10, 1953, and was adjudicated a bankrupt the same day. On April 20, 1953, Associates Discount Corporation filed its petition in these bankruptcy proceedings to reclaim the automobile, of which the trustee in bankruptcy was then in possession, or, in the alternative, to be paid the balance, $1,238.79, due under the conditional contract of sale. The trustee answered this petition, neither admitting nor denying its allegations. Thereupon, in due course the matter was heard by the Referee, and on June 12, 1953, he dismissed the petition on the ground that: (1) "If the conditional contract of sale was made in the District of Columbia, it is invalid as against the Trustee because of the failure to have it recorded in accordance with Section 42–103 of the District of Columbia Code"; and (2) "If the sale took place in Maryland the conditional contract of sale is invalid as against the Trustee under Section 60 of the Bankruptcy Act [11 U.S.C.A. § 96] in that it was not recorded within 21 days."

The only testimony in the transcript which comes to the Court from the Referee, with respect to where the contract was made, is that of the manager of the petitioning creditor that the contract was made in the District of Columbia. Therefore, we must assume, in the absence of some proof to the contrary, that this is true.

The petitioning creditor contends that the Referee's order was erroneous and should be reversed on the ground that: (1) since the bankrupt purchaser of the automobile resided and operated the car in Maryland, that State alone, and not the District of Columbia, was the place where it was required to be registered. Article 66½, Secs. 21–27 incl., Maryland Code 1951; and (2) the recordation in Maryland rendered the lien valid as against the trustee in bankruptcy under Maryland law, Article 21, Sec. 74, Maryland Code 1951, which specifies no limit of time within which recordation of a conditional contract of sale shall be made in Maryland, but provides that until recorded, in the manner prescribed, where the vendee resides, it shall "be void as to subsequent purchasers, mortgagees, incumbrances, landlords with liens, pledgees, receivers, and creditors who acquired without notice a lien by judicial proceedings" on the property covered by such contract. In the present case the contract was recorded in Maryland 23 days after its execution, that is, on December 5, 1952. Since Burton did not file his voluntary petition in bankruptcy until February 10, 1953, the petitioning creditor contends that his lien is valid against the trustee in Bankruptcy. The petitioning creditor also contends that a proper interpretation of Section 60, sub. a(7) of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. a(7) is in conformity with this conclusion, even though the recording did not take place until 23 days after the contract's execution, namely, 2 days beyond the limit of 21 days specified in sub-paragraph I of the above paragraph (which is hereinafter set forth in full in this opinion).

On the other hand, it is contended on behalf of the trustee in Bankruptcy that the Referee's ruling should be affirmed for the following reasons: (1) if recordation in the District of Columbia of the contract in issue was required, since such was never done the trustee in

Bankruptcy, by virtue of Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, was in the status of an attaching creditor without notice of the unrecorded prior lien which was void as against him; and (2) if the contract was not required to be recorded in the District of Columbia, but in Maryland, then the recordation there occurred too late to create a valid lien on behalf of the petitioning creditor against the trustee in Bankruptcy, because it was more than 21 days after the time limit prescribed by Section 60, sub. a(7) I and II of the Bankruptcy Act, 11 U.S. C.A. § 96, sub. a(7) I and II.

It is to be noted that recordation of conditional contracts of sale in the District of Columbia is governed not by the provisions of Section 42–103 of the District of Columbia Code, as stated by the Referee, but by Section 702 of Title 40 of the Code, since the latter expressly provides that the provisions of Section 42–101 to 42–103 shall not apply to motor vehicle liens. Section 702 is similar to the Maryland law in that it specifies no time within which recordation shall be made.

■■■■■ As to whether the contract was required to be recorded in the District of Columbia, our answer is in the negative. It is well settled by decisions of the Court of Appeals of the District of Columbia that the seller of an automobile, reserving title under a conditional contract of sale made in the District, in order to protect his lien, must record the contract, where recordation is required by state law, in the state where the automobile is to be used and retained. See Meyer Herson Auto Sales Co. v. Faunkhauser, 62 App.D.C. 161, 65 F.2d 655; Smith's Transfer & Storage Co. v. Reliable Stores Corporation, 61 App.D.C. 106, 58 F.2d 511. In the present case, the bankrupt vendee resided in Maryland and both used and retained the car there. Furthermore, the Maryland law requires, as we have pointed out, recordation "where the vendee resides."

Since, therefore, Maryland was the proper place for recording the contract here in issue, we must turn to a consideration of the Maryland law, Article 21, Section 74 of the Maryland Code 1951, which we have partially quoted above, in relation to Section 60, sub. a(7) I and II of the Bankruptcy Act which is as follows: "Any provision in this subsection a to the contrary notwithstanding, if the applicable law requires a transfer of property other than real property for or on account of a new and contemporaneous consideration to be perfected by recording, delivery, or otherwise, in order that no lien described in paragraph (2) of this subsection could become superior to the rights of the transferee therein, or if the applicable law requires a transfer of real property for such a consideration to be so perfected in order that no bona fide purchase from the debtor could create rights in such property superior to the rights of the transferee, the time of transfer shall be determined by the following rules:

"I. Where (A) the applicable law specifies a stated period of time of not more than twenty-one days after the transfer within which recording, delivery, or some other act is required, and compliance therewith is had within such stated period of time; or where (B) the applicable law specifies no such stated period of time or where such stated period of time is more than twenty-one days, and compliance therewith is had within twenty-one days after the transfer, the transfer shall be deemed to be made or suffered at the time of the transfer.

"II. Where compliance with the law applicable to the transfer is not had in accordance with the provisions of subparagraph I of this paragraph, the transfer shall be deemed to be made or suffered at the time of compliance therewith, and if such compliance is not had prior to the filing of the petition initiating a proceeding under this title, such transfer shall be deemed to have been made or suffered immediately before the filing of such petition."

It is contended on behalf of the trustee in bankruptcy that the intent of the above quoted provisions is that no transfer made in good faith for a present consideration shall constitute a preference, to the extent of such consideration actually advanced, if the provisions of the applicable State law with respect to the time within which recordation must occur, in order to preserve the conditional vendor's lien, are satisfied, provided such time allowance shall not exceed 21 days in *any case*, even though the State law expressly specifies a longer period, or, as in the Maryland law *no* time limit is specified. In other words, it is contended that although the Maryland law does protect the vendor under a conditional contract of sale as against purchasers, mortgagees, etc., without notice, who have become such subsequent to the date of the contract's recordation in Maryland, the Maryland law, nevertheless, has been superseded by the provisions of Section 60, sub. a(7) I and II of the Bankruptcy Act, even though the Maryland law was of prior enactment.

It will be seen that Section 60, sub. a (7), considered in its entirety, provides rules *for determining the time of transfer* in five different sets of circumstances.

The first set of given circumstances, paragraph a(7) I(A), is where the applicable State law specifies a period of time of not more than 21 days after the transfer within which recording is required, and where recording is had within the time so specified. Under these circumstances it is provided that the transfer shall be deemed to have been made at the time of transfer. This provision has no application to the present case, because here the recording was not within 21 days after the transfer, i. e. was 23 days thereafter.

The second and third sets of given circumstances, paragraph a(7) I(B), are (1) where the applicable State law either specifies no period of time, or (2) where the specified period is more than 21 days but compliance is had in both of these situations within 21 days after the transfer. In describing the first situation, we construe the words in the Act "where the applicable law specifies no such period of time" to mean "where the applicable law specifies *no* period of time." Otherwise, if the use of the word "such" be taken literally, it would relate to the 21 day period specified in the preceding subparagraph I(A) of paragraph (7), and would be merely repetitious and unnecessary. Furthermore, any other interpretation would result in omitting from paragraph (7) *every* situation where the local law,—as is true not only in the District of Columbia and Maryland but in other States,—specifies *no* period of time for recording.

Under both sets of circumstances just referred to and covered by subparagraph I(A) and I(B) of paragraph (7), it is provided that the transfer shall be deemed to be made at the time of the transfer. But again, neither of these sets of circumstances exists in the case before us for the reason that, although in the first of the two given situations the applicable State law is described as the same as the Maryland law, i. e. it specifies no period of time for recording, the given situation, nevertheless, is one in which compliance *is had within 21 days* after the transfer, contrary to what occurred in the present case; and in the second given situation, while the specified period for recording under the applicable State law is more than 21 days, in this given situation it is also assumed that compliance is nevertheless had within 21 days.

The fourth set of circumstances described, paragraph (7), subparagraph II, is where compliance with the local law applicable to the transfer is not had in accordance with the provisions of subparagraph I. In such case it is provided that the transfer shall be deemed to be made at the time of compliance with the local law, unless—and this is the fifth and last set of circumstances—such compliance is not had prior to the filing of the petition in bankruptcy, in which case the transfer shall be deemed to have been made immediately before the filing

of such petition. The first part of this subparagraph II clearly embraces the set of circumstances in the case before us, since recording took place under the Maryland law on December 5, 1952, which was prior to the filing of the petition in bankruptcy, and therefore the transfer of the automobile in controversy to the petitioning creditor, Associates Discount Corporation, must be deemed to have been made on that date.

As counsel for the petitioning creditor properly observed, the draftsmanship of this subparagraph II should have been better, that is to say, the phrase "at the time of compliance therewith," might better have read "at the time of compliance with the law applicable to the transfer." However, as counsel pointed out, giving to the words as they actually appear in this subparagraph the better interpretation is obviously the only reasonable one, since the only other meaning to be given to the word "therewith" would be "with the provisions of subparagraph I of this paragraph," which does not make sense because a clear contradiction of an obvious intent to create an additional and different set of circumstances.

There appears to be no reported decision fully construing these subparagraphs I and II of paragraph (7) of Section 60, sub. a of the Bankruptcy Act which we have just analyzed. But see In re Watson, D.C., 99 F.Supp. 49, and Dinkelspiel v. Garrett, D.C., 96 F.Supp. 800. Also, the text books are devoid of detailed discussion of these provisions which, to be sure, are of relatively recent enactment, being part of the amendatory Act of March 18, 1950. The Report of the Judiciary Committee of the House (H.R. Report No. 1293, August 22, 1949, 81st Congress, 1st Sess. to accompany S. 88) summarized the effect of prior decisions and the objects of the 1950 amendment, as follows: "(A) To retain unimpaired the basic object of the 1938 amendment, which eliminated the 'relation back' doctrine of Sexton v. Kessler [225 U.S. 90, 32 S.Ct. 657, 56 L.Ed. 995], and the 'pocket lien'

doctrine of Carey v. Donahue [240 U.S. 430, 36 S.Ct. 386, 60 L.Ed. 726], referred to above;

"(B) To eliminate the evil of allowing a trustee in bankruptcy to take the position of a potential and artificial bona fide purchaser, and to restore him to the position of a lien creditor, in harmony with his functions under the Bankruptcy Act; and

"(C) in effectuation of said policy, to provide that no transfer made in good faith, for a new present consideration, shall constitute a preference to the extent of such consideration actually advanced, if the provisions of applicable State law governing the perfection of such transfer are complied with, with an appropriately rigid time limitation (21 days) for such perfection if such limitation is not itself prescribed by the applicable State law." U.S.Code Cong. Service 1950, p. 1988.

Collier, 14th Ed., Vol. 3, p. 777, par. 60.07, gives a similar summary as follows: "To effectuate the basic purpose of the 1938 Act, so far as section 60 was concerned, namely, elimination of the 'relation back' and 'pocket lien' doctrines, the 1950 amendment expressly declares the recognition of equitable liens to be contrary to the policy of section 60 where available means of perfecting legal liens have not been employed. However, paragraph (7) of section 60a, as amended in 1950, provides a grace period of not more than twenty-one days for recording or otherwise perfecting a transfer for a new consideration. Thus, 'relation back' is permitted to a very limited extent where consideration for the transfer, although antecedent to the date when it is perfected against subsequent creditors' liens, is present as of the date when the transfer is actually made by the debtor."

Summarized in simpler, clearer language than is employed in the text itself, we understand subparagraphs I and II of paragraph (7) of Section 60, sub. a of the Act deal only with the question of the effective date of *transfers* which, in order to be perfected, are subject to

local laws requiring recording, delivery or some other act, and these subparagraphs provide three things: first, if the applicable local law requires recording, delivery or some other act within a stated period of time not more than twenty-one days after the transfer, or if there is no period fixed by the applicable local law, but compliance therewith is in fact had not more than 21 days after the transfer, then the transfer is to be treated as made at the time it was actually made; second, if compliance with the local law applicable to the transfer is not had within 21 days after the transfer, then the transfer is to be treated as made at the time of compliance with the applicable local law, provided such compliance is had prior to the filing of the bankruptcy petition; but third, if such compliance is had subsequent to such filing, then the transfer is to be treated as made immediately before such filing.

It is believed that paragraph C of the report of the Judiciary Committee of the House, above quoted, as well as the last two sentences of the quotation from Collier, also above quoted, are not completely supported by the language actually employed in subparagraph II as enacted, because, as just explained, this language does not make applicable to *every* possible situation a rigid, inflexible time limitation of 21 days whereby *every* case of non-compliance with such limitation is controlled,—as witness the situation presented by the undisputed facts in the present case. Here, although compliance with the applicable local law was not had within 21 days after the actual transfer of the automobile, nevertheless, since compliance was had prior to the filing of Burton's petition in bankruptcy, under subparagraph II of paragraph (7) of Section 60, sub. a, the transfer is to be treated as having been made at the time of such compliance, which was December 5, 1952.

If, at that time, the transfer had been one on account of a new and contemporaneous consideration, as opposed to one on account of an antecedent debt, then it would be clear that the Referee's action would have been erroneous in holding that the seller of the automobile to the bankrupt under the conditional contract of sale could not recover it from the bankrupt's trustee. The transfer would have been valid against the trustee who did not become vested until the date of bankruptcy, namely, February 10, 1953, with any rights, remedies or powers with respect to such property. Section 70, sub. c, 11 U.S.C.A. § 110, sub. c. See also Section 70, sub. d(1), 11 U.S.C.A. § 110, sub. d(1). However, the debt for the automobile under the conditional contract of sale arose when that contract was consummated, which was on November 12, 1952. Thus, since the transfer of the automobile must be treated as not having occurred until December 5, 1952, it was for a debt that had already arisen. This was the date when, by paragraph (7), subparagraph II of Section 60, sub. a, it must be treated as having been made. This is the earliest time that the lien of the seller of the automobile antedated the right of the trustee. Not until the date of bankruptcy did the trustee become vested, as to all property upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, with all the rights, remedies and powers of a creditor then holding a lien thereon by such proceeding. Section 70, sub. c, 11 U.S.C.A. § 110, sub. c. Furthermore, the transfer was within four months of bankruptcy. Therefore, if the trustee believes he can prove that the sale of the car by the bankrupt to the creditor corporation contains all the other requisite elements of a voidable preference,—elements which are not disclosed in the present proceeding,—under Section 60, sub. a(1), 11 U.S.C.A. § 96, sub. a(1), namely, that: (1) the bankrupt was insolvent on December 5, 1952; (2) the effect of the transfer was to enable the petitioning creditor to obtain a greater percentage of his debt than some other creditor of the same class; and (3) at the time of the transfer, the petitioning

creditor had reasonable cause to believe that the bankrupt was insolvent, then the trustee may resort to the appropriate proceeding to void the contract of sale, if to the best interest of the bankrupt's creditors to do so.

An order will be signed in accordance with this opinion, rescinding the order of the Referee, pending further proceedings consistent with this opinion.